UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAHAN FREDERICK HANDJANI,<br><br>Petitioner,<br><br>v.<br><br>SAN FERNANDO COURT,<br><br>Respondent. | NO. CV 16-3121-R (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

In his objections, Petitioner concedes that he was not in custody at the time he filed his Petition. 28 U.S.C. § 2254(a); (Obj. at 8). Petitioner's argument that he suffers collateral consequences from his convictions in the form of discrimination by employers and the state bar admissions process is insufficient to satisfy the "in custody" requirement. *See Maleng v. Cook*, 490 U.S. 488, 490-

92 (1989) (per curiam); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999). This court lacks jurisdiction over the Petition.

Petitioner's remaining objections are without merit. The Report contained an alternative recommendation that the Petition be denied as untimely. Petitioner's conviction became final on March 18, 2013 and the one-year statute of limitations expired one year later on March 18, 2014. (Report at 5.) Petitioner now argues that he is entitled to equitable tolling because he was (1) on probation; (2) tracking down a residence he was to inherit from his parents; (3) studying to take the California bar exam; and (4) the victim of a false medication order by the Superior Court upon his release from jail (which he believes constitutes a battery). (Obj. at 7.) Petitioner does not explain how these circumstances prevented him from timely filing a petition for writ of habeas corpus. *Holland v. Florida*, 560 U.S. 631, 634 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (extraordinary circumstances must cause an untimely filing).

Petitioner's motion for leave to file a First Amended Petition (Dkt. No. 14) is denied because amendment would be futile. *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. (2014). The amendment would not alter the conclusions that the court lacks jurisdiction and that the Petition is untimely.

IT THEREFORE IS ORDERED that (1) Respondent's motion to dismiss the Petition is GRANTED; (2) Petitioner's motion for leave to file a First Amended Petition is DENIED; and (3) judgment be entered denying the Petition for Writ of Habeas Corpus for lack of jurisdiction or, alternatively, for untimeliness.

DATED: January 12, 2017

                                                MANUEL L. REAL
                                          United States District Judge